UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANCISCO M. VAZQUEZ,<br><br>    Plaintiff,<br><br>        v.<br><br>DAVIS, et al.,<br><br>    Defendants. | CAUSE NO. 1:21-CV-387-HAB-SLC |

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The court's review of Vazquez's complaint indicates he has alleged unrelated claims against different defendants. First, he has sued Allen County Jail, Allen County Sheriff David Gladieux, and Allen County asserting they denied him treatment for his mental illness and also discriminated against him on the basis of his mental disability. Vazquez has sued Correction Officer A. Jones Schild asserting that his anxiety worsened when they argued, and he failed to provide him with medical treatment

which led to him being placed in lockdown in the dark. He has also sued Correction Officer Tabb alleging he did not allow him to do his legal work and he has sued Correction Officer Davis asserting that he placed him on suicide watch to silence him and threw away his legal work. Because the crux of Vazquez's complaint stems from his allegations that he is receiving inadequate treatment for his mental illness and he has been discriminated against because he is mentally disabled, the court will screen these claims. His allegations against Correction Officers Tabb and Davis will be excluded from consideration in this lawsuit because those claims are unrelated to his claims against the Allen County Jail, Sheriff Gladieux, Allen County, and Correction Officer Schild.[1] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]").

Vazquez alleges that from August 4, 2021 to September 28, 2021, while he has been housed at the Allen County Jail, his constitutional rights have been violated because he is mentally disabled and has not received treatment for his mental illness. ECF 1 at 14, 16-17. In August, he asked to be taken to a Fort Wayne hospital and was treated for injuries he had sustained. *Id*. at 16. At the time, he requested that he be placed in the psychiatric unit of the hospital, but his request was denied because he was told Allen County Jail was equipped to deal with his psychosis. *Id*. Vazquez asserts he still needs to be hospitalized because, in addition to being mentally disabled, he has

---

[1] When a *pro se* prisoner files a suit with unrelated claims, the court can properly limit the case by picking a claim (or related claims) because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). If Vazquez wishes to pursue claims against Correction Officers Tabb and Davis, he must file separate lawsuits and pay the filing fee for each suit.

sustained psychological trauma as a result of his incarceration, and he needs a higher dose of medication to treat his illness. *Id*. at 17-18.

Because Vazquez is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Id*. The Seventh Circuit has explained that the inquiry for assessing a due process challenge to a pretrial detainee's medical care entails two steps. *Id*. at 353. Thus, to state a claim under the Fourteenth Amendment, a plaintiff must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Id*. at 345. He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable."[2] *Id*. (emphasis omitted).

While Vazquez's allegations are concerning, he has not stated claims against Allen County Jail, Sheriff Gladieux, Allen County, and Correction Officer Schild. He may not proceed against the Allen County Jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He has also sued Sheriff Gladieux, but he has not alleged that Gladieux was personally involved or participated in the alleged violations. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)

---

[2] Furthermore, Vazquez claims he needs hospitalization and more medication, but inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Vazquez's complaint does not explain his symptoms, the treatment he has received, or why that treatment is inadequate.

3

("Only persons who cause or participate in the violations are responsible."). In other words, "[p]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Vazquez has further sued Allen County, but because a county has no agency relationship with a sheriff or the sheriff's department, a county cannot be held liable under a theory of *respondeat superior* for the actions of a sheriff or a sheriff's department. *Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind.App.1990); *Argandona v. Lake Cty. Sheriff's Dep't*, No. 2:06 CV 259, 2007 WL 518799, at *3 (N.D. Ind. Feb. 13, 2007). Additionally, he has not alleged facts from which it can plausibly be inferred that Correction Officer Schild's alleged failure to provide him with medical treatment on one occasion was objectively unreasonable. Therefore, he may not proceed against these four defendants.

Vazquez also appears to have sued Allen County Jail, Sheriff Gladieux, and Allen County under Title II of the Americans with Disabilities Act ("ADA"), alleging he has been discriminated against because he is mentally disabled. ECF 1 at 14. "To establish a violation of Title II of the ADA, the plaintiff must prove that he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (quotation marks and citation omitted). Here, Vazquez has not identified a service, program, or activity within the meaning of ADA. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); *Nesbitt v. Williams*, No. 13 C 9241, 2017 WL 1079240,

4

at *3 (N.D. Ill. Mar. 21, 2017) ("To the extent Nesbitt challenges the quality of the medical services he has received, such a claim is not cognizable under the ADA."). Furthermore, he has not alleged facts suggesting he was denied treatment because he is mentally disabled. Instead, he alleges that jail staff does not know how to deal with or treat mentally ill inmates. Therefore, Vazquez has not stated a claim under the ADA.

As stated, to the extent Vazquez has sued Correction Officers Tabb and Davis, because they are different defendants with claims unrelated to his claims against Allen County Jail, Sheriff Gladieux, Allen County, and Correction Officer Schild, if he wishes to pursue those claims, he must file separate lawsuits. Accordingly, Correction Officers Tabb and Davis will be dismissed from this case.

As a final matter, Vazquez appears to be seeking preliminary injunctive relief in the form of a petition for a protection order against Officers Morgan, Davis, Miller, Smith, and Baihl for allegedly threatening and harassing him. ECF 7. However, because his complaint does not state a claim and seeks relief against individuals who are not named as defendants in this action, he is not entitled to the requested relief. Therefore, his petition will be denied.

While Vazquez's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When Vazquez prepares his amended complaint, he should explain in his own words what happened, when it happened,

5

where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DENIES the petition for protection order (ECF 7);

(2) DISMISSES Correction Officer Tabb and Correction Officer Davis pursuant to Federal Rule of Civil Procedure 21;

(3) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Francisco M. Vazquez;

(4) GRANTS Francisco M. Vazquez until **March 8, 2022**, to file an amended complaint on that form; and

(5) CAUTIONS Francisco M. Vazquez that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on February 8, 2022.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT